IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott Kelly Hansen,

        Plaintiff,

-vs-

Ronald E. Nelson, et al.,

        Defendants.

Case No. 3: 17 CV 2085

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

Plaintiff *pro se* Scott Kelly Hansen, an Ohio inmate, brings this Section 1983 action against Defendants Ronald Nelson, Brian Wittrup, and Jill DeWitz, employees of the Ohio Department of Rehabilitation and Corrections (ODRC) and the Ohio Adult Parole Authority (OAPA). The Complaint alleges constitutional rights violations in connection with the revocation of Hansen's parole in 2014 and subsequent denial of release on parole in 2016. Specifically, Hansen contends Defendants wrongfully revoked his parole due to a "false" technical rule infraction (Doc. 4 at 3–8), then wrongfully denied him release on parole based on his earlier federal offenses (*id.* at 9–16). Hansen also claims he was improperly classified as a level-four inmate and has been held in segregated confinement without a hearing since 2014 (*id.* at 17–22). He seeks monetary damages and injunctive relief (*id.* at 23). Hansen moves to proceed *in forma pauperis* (Doc. 1); that Motion is granted.

**BACKGROUND**

In October 1991, while on parole from an earlier state sentence, Hansen was convicted of bank robbery in Ohio federal court and sentenced to eleven years in prison. The OAPA issued a

state detainer warrant, but the BOP inadvertently released Hansen from federal custody in October 1997. In April 1998, the OAPA declared Hansen a violator at large. In 1998 and 1999, Hansen was charged in Rhode Island federal court with seven counts of bank robbery and one charge of escape from the institution in which he was detained (*id.* at 4). *See Hansen v. Lappin*, 800 F. Supp. 2d 76, 80 (D.D.C. 2011). He was sentenced to 221 months in prison, and the OAPA again issued a detainer warrant. *Id.*

Upon completion of Hansen's federal sentence and return to Ohio custody, the OAPA held a parole violation hearing in September 2014 (Doc. 4 at 6). Following the hearing, the OAPA found Hansen guilty of a parole violation based on the 1998 escape charge -- a charge he disputes. Nevertheless, the OAPA revoked Hansen's parole and denied his parole eligibility for 24 months (*id.* at 7–8). In August 2016, the OAPA held a parole hearing (*id.* at 10). It denied release and continued further consideration of parole until August 2018 (*id.* at 12). Hansen's maximum state sentence expires in 2035 (*id.* at 13).

Meanwhile, Hansen alleges that upon his return to Ohio custody, he was given a level-four security classification. As a result, he claims he has been held in "segregated punitive solitary confinement" since September 2014 (*id.* at 18). He suggests this security classification was based on the OAPA determination that he previously escaped detention in April 1998, but he alleges he has been denied "any form" of hearing (*id.* at 19–20).

Hansen contends that (1) the 2014 revocation of parole, (2) the 2016 denial of parole, and (3) the security classification and placement in segregation each violate his constitutional rights under the Eighth and Fourteenth Amendments. He also claims Defendants retaliated against him for filing other Section 1983 lawsuits (*id.* at 21).

2

**DISCUSSION**

*Pro se* pleadings are liberally construed. *Boag v. MacDoughall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This Court, however, must dismiss an action under 28 U.S.C. §§ 1915(e) and 1915A if it fails to state a claim upon which relief may be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id.* at 327. An action has no arguable factual basis when the allegations are "delusional" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This Court must construe the Complaint in the light most favorable to Hansen, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain detailed factual allegations, but its "allegations must be enough to raise a right to relief above the speculative level." *Id.* A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Revocation and Denial of Parole (Claims 1–4)**

The Supreme Court has definitively held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7–11 (1979) ("That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained."). Simply put, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). Nor does Ohio law create a protected liberty interest in parole, as the

3

decision to grant or deny parole lies wholly within the discretion of the OAPA. *See Jergens v. Ohio Dep't of Rehab. & Corr.*, 492 F. App'x 567, 569–70 (6th Cir. 2012). Hansen therefore fails to state a cognizable constitutional claim based on his 2016 denial of parole.

Hansen also fails to state a claim based on his 2014 revocation of parole. He does not allege that he was deprived of the procedural protections recognized in *Morrissey v. Brewer*, 408 U.S. 471, 490–91 (1972). In fact, he acknowledges that he received a parole violation hearing in response to a written charge (*see* Doc. 4 at 6–7). Further, "claims which challenge the revocation of parole are not cognizable under § 1983 until the parole revocation has 'been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.'" *Johnson v. Wilkinson*, 2000 WL 553929, at *2 (6th Cir. 2000) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Hansen alleges no facts suggesting his revocation of parole has been invalidated in any of these ways. This claim must be dismissed.

**Security Classification and Segregated Confinement (Claim 5)**

*Eighth Amendment.* The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency" against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The Supreme Court established a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, the plaintiff must plead facts which, if true, establish a sufficiently serious deprivation. The severity of the deprivation is measured objectively, in response to "contemporary standards of decency." *Id.*; *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Second, the plaintiff must demonstrate that prison officials acted with a culpable mental state, which is measured subjectively. *Hudson*, 503 U.S. at 9.

4

"Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)). Nor does Hansen allege any cognizable injury, physical or otherwise, resulting from his confinement in segregation. *See id.*; 42 U.S.C. § 1997e(e). This claim therefore must be dismissed.

*Due Process.* Prisoners have no constitutional right to be incarcerated in a particular prison or to be held under a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, 1997 WL 809982, at *1–2 (6th Cir. 1997). Prisoners have narrower liberty interests than other citizens, as "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotation marks omitted). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Therefore, unless the placement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the prisoner will have no constitutionally protected liberty interest at stake. *Sandin*, 515 U.S. at 484.

Whether administrative segregation imposes an "atypical and significant hardship" depends on the nature of the confinement and its duration. *Harden-Bey*, 524 F.3d at 792 (reversing *sua sponte* dismissal where prisoner alleged indefinite detention in administrative segregation without a hearing). And if the hardship is severe enough to trigger due process protections, then the prisoner is entitled to periodic review of his status to ensure that his continued placement in segregation is supported by "some evidence." *See Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (quoting *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)).

Here, Hansen claims that he has been held in segregated confinement for three years -- since September 2014 -- "without any form of (Due Process) [sic] through an institutional disciplinary review, or disciplinary hearing, of any kind" (Doc. 4 at 20). As in *Harden-Bey*, "the prison may have ample reasons for segregating [Hansen] . . . and may indeed have given him all of the procedural protections to which he is entitled." *Harden-Bey*, 524 F.3d at 793. But the Complaint alleges facts sufficient to state a plausible due process claim. This is sufficient to survive screening under 28 U.S.C. §§ 1915(e) and 1915A.

**Retaliation**

A prima facie case for retaliation requires Hansen to show (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In short, Hansen must allege he engaged in constitutionally protected activity, and Defendants attempted to penalize him for doing so.

Hansen identifies two previously filed Section 1983 lawsuits (Case Nos. 09 CV 517 and 12 CV 773) as his protected conduct, and he characterizes the revocation and denial of parole and placement in segregated confinement as adverse actions. But he alleges no facts plausibly suggesting a causal connection between these two elements. At most, he states that Defendant Wittrup "was directly involved" in one of the earlier civil cases, which was resolved shortly before Hansen returned to Ohio custody (Doc. 4 at 21). Assuming all the allegations in the Complaint are true, Hansen offers no more than a possibility that one or more of the Defendants may have acted unlawfully. This is insufficient to state a plausible claim for relief.

## CONCLUSION

Accordingly, Claims 1 through 4 and the Eighth Amendment challenge in Claim 5 are dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Hansen may proceed solely on the due process allegations in Claim 5 -- namely, that he is being denied constitutionally adequate review of his prolonged confinement in segregation. Accordingly, the U.S. Marshal is instructed to serve Defendant Brian Wittrup with the previously filed summons and Complaint (Docs. 1-3, 4).

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  January 5, 2018